Martínez, Peticionario, v. Campillo, Juez de Distrito, Demandado.

Solicitud para que se expida auto de *certiorari* al Juez de la .Corte de Distrito de San Juan, Sección Primera, en pleito sobre desahucio en apelación procedente de la Corte Municipal de Río Piedras.

No. 275.—Resuelto en abril 12, 1920.

Apelaciones Contra Sentencias de las Cortes Municipales—Notificación al Apelante de la Radicación del Recurso—Traslados de Pleitos.—De acuerdo con la Ley No. 93 de 1919, antes que un apelante esté obligado a solicitar en la corte de distrito que el caso sea incluido en el calendario, deberá ser previamente notificado por el secretario de que fué anotado en el registro; y no altera la regla el hecho de que los autos fueron entregados personalmente por el apelante y no enviados por el secretario de la corte sentenciadora.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. M. Rodríguez Serra.*

El juez demandado no compareció.

Abogado del demandado interventor: *Sr. J. Martínez Dá-vila.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Aunque el que suscribe esta opinión disintió de la opinión de este tribunal emitida en marzo 11, 1919, en la cual se resolvió que cierto proyecto de ley de la Legislatura quedó convertido en ley sin la aprobación del Gobernador, se siente, sin embargo, momentáneamente obligado por dicha decisión. Una de las leyes que fué promulgada por el Secretario de Puerto Rico de conformidad con la referida decisión, la No. 93, fué una ley para enmendar y adicionar la ley titulada "Ley para reglamentar las apelaciones contra las sentencias de las cortes municipales en pleitos civiles," aprobada en marzo 11, 1908, y la resolución del *certiorari* en este caso depende de lo dispuesto en la sección 3 de la ley tal como quedó enmendada.

El peticionario apeló de una sentencia dictada por la

Corte Municipal de Río Piedras. Los autos fueron certificados por los abogados de ambas partes y radicados por el apelante el día 8 de enero de 1920 en la Sección Segunda de la Corte de Distrito de San Juan. Hubo cierta discusión entre el juez de esa corte y el abogado del apelante respecto a la inclusión del caso en el calendario de dicha corte. Pero como quiera que esto fuere, en enero 28, 1920, la Corte de Distrito de San Juan, Sección Segunda, trasladó el caso a la Sección Primera. No se hizo notificación alguna al apelante y lo que es más importante, no consta que el Secretario de la Corte de Distrito, Sección Primera, registrara el caso. A moción del apelado y sin notificarse al apelante fué desestimado el pleito por el juez de distrito basándose en la alegada autoridad de la ley de 1908, como fué enmendada por la Ley No. 93 de 1919.

La Ley No. 93 que se discute hace que la sección 3 de la ley enmendada lea como sigue:

"Sección 3.—(a) El secretario de la corte anotará la causa en el registro de acciones civiles, notificándolo a las partes interesadas. El apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse, subsiguientemente a la radicación del caso. Al anunciarse la vista de la apelación, el tribunal, a instancia del apelante, revisará y tomará en consideración cualquiera providencia, resolución, auto u orden por los cuales se creyere éste perjudicado. Resueltas estas cuestiones se procederá a la vista de la causa tal como resulte de las alegaciones, a no ser que en virtud de excepción previa, permitiese el juez que fueren enmendadas la demanda o la contestación. Dispuesto así el pleito para la vista, se tramitará como *nuevo juicio,* rigiendo para el mismo todas las disposiciones y reglamentos judiciales aplicables a la vista de pleitos originariamente iniciados en la corte de distrito.

"(b) Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso, imponiéndole las costas; y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada."

Por virtud de los claros preceptos de esta ley antes de

que un apelante esté obligado a solicitar que el caso sea in-
cluído en el calendario, deberá primero ser notificado por el
secretario de que fué anotado en el registro.

Tanto el apelado como la corte sostienen que el apelante
sólo tiene derecho a la notificación del secretario en aque-
llos casos en que los autos se remiten por el secretario de
la corte municipal e insisten en que en este caso los autos
fueron certificados por los abogados y radicados en la Sec-
ción Segunda de la Corte de Distrito por el mismo apelante.
Pero sostenemos que cuando un apelante entrega la trans-
cripción de autos en apelación al secretario de la corte de
distrito, esta entrega manual no es equivalente a la anota-
ción en el registro por el secretario de la corte de distrito.
Antes de que el caso sea incluído en el calendario, deberá
ser anotado primeramente en el registro.

Sin embargo, aun cuando tuviera razón el apelado al sos-
tener que por el hecho de radicar el caso el apelante en la
Sección Segunda no tenía derecho a más aviso de su ano-
tación en el registro de esa corte, la situación todavía hu-
biera cambiado necesariamente por la orden del juez de esa
corte *sua sponte,* trasladando el caso a la Sección Primera.
Si las palabras textuales del artículo 3 no son aplicables,
entonces el sentido común y la analogía requieren que se
notifique al apelante que el caso ha sido anotado en el regis-
tro de la Sección Primera.   La ley no habla como creen al
parecer la corte y el apelado, de la radicación o entrega de
la transcripción en apelación sino que habla de la anotación
del caso en el registro.   La diferencia entre "anotando" y
tener el secretario documentos en su poder resulta muy clara
según nuestra decisión en el caso de *Gandía* v. *Trías y Stubbe,*
(pág. 164).

No existe nada en estos autos de donde aparezca que la
desestimación de la apelación se debió a no haber satisfecho
el apelante los derechos al radicar la transcripción sino so-
lamente a su omisión en incluir el caso en el calendario y

quizás por no pagar entonces los derechos exigidos por la ley.

Si tuviera razón el apelado en su alegación principal tal vez entonces legalmente era innecesario notificar al apelante de la moción de desestimación. Sin embargo, en casos dudosos es mejor práctica hacer la notificación.

Después de desestimado el caso el apelante presentó una moción de reconsideración que a su vez no notificó al apelado. Asimismo hubiera sido mejor práctica haber hecho la notificación. La corte cree, según parece, que esta omisión en hacer la notificación hacía imperativo para ella el no considerar la moción de reconsideración. La corte, no obstante, tenía discreción y pudo haber exigido al apelante que notificara al apelado.

La resolución de la Corte de Distrito, Sección Primera, desestimando la acción debe ser anulada, devolviéndose el caso para ulteriores procedimientos.

> *Anulada la sentencia dictada por la corte de distrito en febrero 17, 1920, declarando desierto el recurso de apelación y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.